UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

TRUSTEES OF THE TEAMSTERS UNION            )
NO. 142 PENSION FUND, TRUSTEES OF THE     )
TEAMSTERS UNION LOCAL NO. 142              )
TRAINING AND APPRENTICESHIP TRUST          )
FUND, and TRUSTEES OF THE TEAMSTERS        )
UNION LOCAL NO. 142 ANNUITY FUND           )
                                           )
            Plaintiffs,                    )
                                           )
        v.                                 ) CASE NO. 2:13-CV-479
                                           )
IND CONSTRUCTION SERVICE, INC.,            )
                                           )
            Defendant.                     )

**OPINION AND ORDER**

This matter is before the court on the Motion to Compel Discovery to Defendant IND

Construction Service, Inc. [DE 16] filed by the plaintiffs, Trustees of the Teamsters Union No.

142 Pension Fund, on December 23, 2014.  For the following reasons, the motion is

**GRANTED**.

*Background*

The plaintiffs initiated this matter on December 18, 2013.  On May 12, 2014, the

plaintiffs served their First Request for Production of Documents and First Set of Interrogatories

on the defendant, IND Construction Service, Inc.  IND has failed to respond timely to the

Request for Production of Documents or the Set of Interrogatories.

Pursuant to Local Rule 37.1, the plaintiffs filed a certification indicating that they

attempted to resolve this discovery dispute with IND before requesting court intervention.  The

plaintiffs demonstrated that they have attempted to resolve multiple issues with IND.

Specifically, to resolve the present dispute, the plaintiffs contacted IND via email on June 16,

2014, September 17, 2014, and October 21, 2014, via letter on October 7, 2014 and October 21, 2014, and via telephone on October 22, 2014, October 27, 2014, and December 9, 2014. Although IND allegedly indicated it would provide discovery responses within a week on December 9, 2014, the plaintiffs have not received a discovery response. IND did not respond or object to the present Motion to Compel.

*Discussion*

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.***, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. ***Borom v. Town of Merrillville***, 2009 WL 1617085, at *1 (N.D. Ind. June 8, 2009) (citing ***Sanyo Laser Prods., Inc. v. Arista Records, Inc.***, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see **Adams v. Target***, 2001 WL 987853, at *1 (S.D. Ind. July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); ***Shapo v. Engle***, 2001 WL 629303, at *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil**

**Procedure 37(a)(2)–(3)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 Ibew*, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) (citing *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, at *3 (N.D. Ind. May 13, 2009) (internal citations omitted); *Carlson Rests. Worldwide, Inc. v. Hammond Prof'l Cleaning Servs.*, 2009 WL 692224, at *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citing *Graham v. Casey's Gen. Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (citing *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)) (internal quotations and citations omitted); *see Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery).

IND did not respond or object to the present Motion to Compel. Therefore, it did not meet its burden to demonstrate that the requested discovery is improper. The court finds that the

requested information is relevant to the plaintiffs' claims and that the plaintiffs attempted in good faith to resolve this discovery dispute before requesting court intervention pursuant to Local Rule 37.1.

Based on the foregoing reasons, the First Motion to Compel Discovery to Defendant IND Construction Service, Inc. [DE 16] is **GRANTED**.  IND is **ORDERED** to provide full and complete responses to the First Request for Production of Documents and the First Set of Interrogatories within fourteen days of this order.

ENTERED this 23rd day of January, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge